# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6317 | **DATE** | October 10, 2012 |
| **CASE TITLE** | Henry Gibbs, Jr. (2008-0073343) vs. C. Thomas | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [3] is denied pursuant to 28 U.S.C. § 1915(g). The complaint is dismissed without prejudice for failing to exhaust administrative remedies. However, having brought this action, Plaintiff remains obligated to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). Nonpayment may affect Plaintiff's ability to bring future suits *in forma pauperis*. *See Thurman v. Gramley*, 97 F.3d 185, 187 (7th Cir. 1996), overruled on other grounds by *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000).

■[For further details see text below.]                                             Docketing to mail notices.

## STATEMENT

Plaintiff, Henry Gibbs, Jr., a pretrial detainee at Cook County Jail, seeks leave to file this *pro se* complaint *in forma pauperis*.

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has struck out and he pleads such in his complaint. However, he seeks leave to proceed *in forma pauperis* based on an allegation that he fears he is in imminent danger of serious harm. However, Plaintiff's allegations demonstrate that he is not in imminent danger of serious harm.

Plaintiff alleges that beginning on July 10, 2012, Defendant Correctional Officer Thomas has taunted Plaintiff with a possible physical assault by another pretrial detainee. Defendant has informed the other detainee that Plaintiff is reporting that he is threatening Plaintiff and the Defendant is taunting Plaintiff that she wants to be around when he and the other detainee have it out. Plaintiff has reported the situation with the correctional officer and the other detainee. Plaintiff is presently in protective custody and the threatening-detainee has been moved to different tier.

The imminent danger requirement of 28 U.S.C. § 1915(g) requires that the "threat or prison condition [be] real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Allegations of past harm are not sufficient; the harm must be imminent or occurring at the time that the complaint is filed. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Plaintiff specifically alleges that he is in protective custody and that the threatening-detainee has been moved. Thus, Plaintiff has not demonstrated he is not in imminent danger of serious harm.

Furthermore, allowing Plaintiff to proceed *in forma pauperis* with the instant action would be futile as Plaintiff specifically pleads that he has not fully exhausted his administrative remedies. The events Plaintiff bases his claim on started on July 10, 2012. Plaintiff includes copies of two grievances he filed regarding his allegations. The grievances were filed July 10, 2012 and July 12, 2012. Plaintiff's complaint was received on August 9, 2012, and the grievances attached to the complaint indicate that Plaintiff had not yet received a response to the grievances before filing suit.

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th

Cir. 1999).

A prisoner/detainee must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37 (emphasis added). While failure to exhaust is normally an affirmative defense, if the plaintiff's failure to exhaust appears on the face of the complaint, the complaint should be dismissed without prejudice. *Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000).

Plaintiff filed suit within a couple of weeks of the alleged conduct before the jail had an opportunity to respond the grievances. Plaintiff must give staff a reasonable time to respond to a grievance before filing suit. *See Mlaska v. Shah*, 428 Fed. Appx. 642, 2011 WL 2600602 (7th Cir. June 29, 2011).

Here, Plaintiff's complaint was submitted within weeks of the alleged constitutional violations and the Plaintiff's failure to exhaust appears on the face of his complaint. Accordingly, the matter is dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff must file a new suit that postdates the full administrative exhaustion procedure if he plans on refiling the present action. *See Ford*, 362 F.3d at 401.